The following opinion was rendered at special term:
Sedgwick, J.
The defendant Kelly, in testifying, gave out at first, if he did not assert, that his relations with Mr. Wyatt were slight and casual. As long as possible he withheld the bank-book, which led to proof from himself, that in fact those relations were intimate and confidential. The examination of the records made by him was clearly not for the purpose of informing himself, but to give him the semblance of a person acting independently and in his own interests.
I am convinced that the conveyance to Mrs. Weeks, and^the mortgage to Mr. Frazier, did not represent substantial transactions, but were mere forms. Carter and Kelly may have moved on different lines, without personal communication, up to the time of the conveyance and mortgage, but they were consciously co-operating when they met with the others ; they took part in, as it were, a dramatic representation, which might after-wards be narrated as a real transaction.
I do not know who owned the money used on that occasion, but am satisfied that it was not lent to Mrs. Weeks, except as a form, and that it was not paid over to Kelly to be kept by him as the consideration of the conveyance.
The Dunn lease evidently was a device by which the premises were left vacant, that the parties claiming under the sheriff s sale might obtain possession without a resort to the law.
On the whole case, I believe that Mr. Van Alstine *36 took his conveyance with notice of the real situation of the facts.
In combining all the circumstances, I can not avoid the conclusion that the parties acted as directed by Mr. Wyatt, and in concert with him, from the first, and that at first Kelly became purchaser upon instructions from him and as jointly interested with him, since the first, the real parties-interested, have retained their interest in a part of it.
These being the results of the testimony, the law .applies the rule omnia presumantur contra spoliatorem. The law does not deem that there can be so much machination and concealment without design and a substantial motive, viz., to prevent that being known which would set aside the sale. The burden of proof rests upon the parties defendant to show affirmatively that nothing occurred which would invalidate the sale, not only that all the forms as to all kinds of notices, &c., were complied with, but that the sale was fairly conducted, bidders not kept away, &c., and «that nothing was done to prevent notice of the proceedings reaching the owners who, upon notice, would without doubt, rather have paid two hundred dollars than lose their property. Every intentional deviation from the usual and ordinary course of affairs, is a circumstance ■of testimony that there is a weak point to be hid. At this point it becomes a very important consideration, that the defendant, acting, as we have-seen, in concert with Mr. Wyatt, did not call him as a witness. He is the only one who could affirmatively show that there ' was no legal or equitable cause for setting aside the sales. The witnesses who were called on that point show that such of those forms were complied with as, in favor of a bona fide purchaser, create a presumption that the sale and the subsequent proceedings were regular, but, as we have said, that does not cover the jground to be established.
*37 The conveyances, to Kelly, Mrs. Weeks and to Mr. Van Alstine, should be set aside, and also the mortgage to Mr. Frazier, as between the parties to this action. The plaintiff should have costs against the defendants, excepting Mr. Frazier, but he is not to have osts.
Erastus New, Henry F. Pultzs, J. B. McEwen, Philip Van Alstyne, attorneys, and W. A. Beach, of counsel, for appellants.
Hammond and Stickney, attorneys, and Albert Stickney, of counsel, for appellants.
The Court.—Freedman, J.
The court at special term found, that the sale was an oppressive use of the process of the.court, made at the instance of Wyatt, the attorney, in collusion with Kelly, and with a wrongful and fraudulent intent on the part of both of them ; that the conveyance to Mrs. Weeks, the mortgage to Frazier, and the conveyance to Van Alstine, did not represent substantial transactions, but were mere forms, and as such they were gone through with to defraud the plaintiffs out of said premises, and to hinder and delay them in recovering the same; and that in these various matters all the defendants acted in collusion and concert with, and as directed by, Wyatt.
The evidence is sufficient to sustain these findings.
True, Kelly and Frazier, who of all the defendants were the only ones that were called to the witness-stand, claimed to have acted honestly and in good faith. But the judge who had them before him, and who observed the manner and the tone of their testimony, had the right to pass upon the credibility, and in doing so, he had the right to disregard their unsup *38 ported or improbable professions, and to construe their acts in the light which the facts and circumstances of the case threw upon their possible and probable motives, designs, and interests. Upon the*whole testimony, which is by far too voluminous to be satisfactorily adverted to here, it is impossible for any candid mind to believe that there could have been so much plotting and concealment, and yet so much harmony and concert of action, to accomplish a certain result, as the case discloses, without the presence of a master-mind, who organized and perfected the whole plan, and who from time to time set the parties in motion as circumstances seemed to require. That this master-mind was Wyatt, is-a conclusion which, on a critical examination of the testimony, can not be resisted. He it was, therefore, that more than any other witness could have shown by explanatory testimony, if the fact could be shown at all in the face of the facts already established by the plaintiffs, that no legal or equitable grounds existed for setting aside the sale and the subsequent conveyances. The defendants, however, did not call him as a witness, nor did they account for such omission. Neither did Van Alstine, though present in court, see fit to take the stand. In view of this failure to produce material testimony clearly within reach, the court was justified in assuming that such failure was the result of knowledge or fear on the part of the defendants that their case could not be improved by the- production of such testimony. On the other hand, upon the case as left by the defendants, the conclusion was almost unavoidable that all the defendants had been engaged in the fraudulent combination at the instigation of Wyatt.
This being so, the findings of fact made below can not be disturbed. Nor can I discover any error in the conclusions of law based upon the facts as found. The relief awarded in this case was not awarded against a *39 purchaser for value, nor against, a purchaser at all, nor against an innocent party who had received, without fault, through the fraud of another, property which in equity belonged to the plaintiffs. It was a case of an active, fraudulent combination, and in such a case the law gives complete restitution, and all the guilty parties are made answerable for the-whole of the property (Troup v. Wood, 4 Johns. Ch. 260).
If any of the defendants were entitled to an adjustment of liabilities as between themselves, the attention of the court should have been directed to it, which was not done.
The defendants have argued that the legal estate of the property in question was in Mr. Bruce, as trustee for the plaintiffs, and that the plaintiffs had no leviable interest in the realty. But they are not in a position to raise this question, having by their answers admitted title in the plaintiffs (Paige v. Willet, 38 N, Y. 28; Thomas v. Austin, 4 Barb. 265).
The objection that the plaintiffs should have sought their remedy at law is equally untenable. The point was not raised below, and defendants submitted to the equitable jurisdiction of the court without complaint.
Finally, it is insisted that the court erred in admitting the declarations of the alleged confederates before proof of the combination. But this was a matter resting in the discretion of the court. Evidence of a conspiracy must have a beginning. The remarks and declarations of conspirators, directions given by them, and their conversations held during the carrying out of the conspiracy, are acts and as such part of the res gestee. If the conspiracy is finally, on all the evidence, clearly made out, the order in which the proof was given, is not material. It therefore rests solely in the discretion of the court to determine whether or not, at a particular stage of the proceedings, a sufficient *40 foundation has been laid to admit evidence of such declarations (1 Greenl. on Ev. § 111).
The judgment should be affirmed with costs.
Curtis and Speir. JJ., concurred.