## PENNACCHIO v. GRECO.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

1. NEGLIGENCE—USE OF PREMISES—OWNERSHIP AND POSSESSION—ADMISSION IN ANSWER.

An answer, in an action for injuries resulting from defendant negligently allowing a sewer pipe on his premises to become out of repair, which alleges that "defendant is, and at all the times hereinafter mentioned was, the owner of the premises  *  *  * which is, and at the said times herein mentioned was, in the possession of the defendant," admits an actual possession on the part of defendant, together with the immediate power to control the same; making it error to dismiss the cause for plaintiff's failure to prove defendant's ownership and possession.

2. PLEADINGS—ADMISSIONS—CONCLUSIVENESS.

An admission in a pleading is conclusive, and evidence showing the contrary, though admitted without objection, must be disregarded.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 82, 264, 354.]

Appeal from Trial Term, Kings County.

Action by Rosina Pennacchio against Pasqualina Greco. From a judgment of dismissal at the close of the evidence of plaintiff, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH, and MILLER, JJ.

Joseph S. Menline (Albert M. Yuzzeline, on the brief), for appellant.

Herbert J. Hindes, for respondent.

WILLARD BARTLETT, J. In this action the plaintiff seeks to recover damages sustained by reason of the overflow of sewage from the defendant's premises onto the premises of the plaintiff in consequence of a break in the defendant's sewer pipe, which the defendant negligently allowed to become and to remain out of repair. At the close of the evidence for the plaintiff a motion was made to dismiss the complaint on the ground that the proof failed to show any negligence on the part of the defendant. The court denied the motion so far as it was based upon the ground stated, the learned trial judge declaring that he would leave that question to the jury. Counsel for the defendant then moved to dismiss on the ground that it appeared from the plaintiff's own case that the premises were

not in the possession of the defendant, and the court, remarking that the proof was not very clear as to the nature of the tenancy, finally dismissed the complaint on this second ground. That fact clearly appears from the colloquy between court and counsel which resulted in the dismissal. In throwing the case out of court on this ground the learned trial judge must inadvertently have overlooked an admission in the answer which distinctly concedes the defendant's possession as well as ownership of the premises adjoining the plaintiff's property from which the flow of sewage proceeded. The second paragraph of the complaint reads as follows:

"That the defendant is, and at all the times hereinafter mentioned was, the owner of the premises immediately touching and adjoining the premises of the plaintiff, above mentioned, and which is known as No. 31 Main street, in the borough of Brooklyn, city and state of New York, and which is, and at the said times herein mentioned was, in the possession of the defendant."

The answer expressly admits the allegations contained in paragraph second of the complaint. I think this admission fairly imports an actual possession of the premises on the part of the defendant, together with the immediate right and power to control the same. "A possession is something more than a mere right or title, whether to a present or future estate. It implies a present right to deal with the property at pleasure, and to exclude other persons from meddling with it." Sullivan v. Sullivan, 66 N. Y. 37, 41, 42. The fact that some evidence may have been introduced tending to show a possession in some one else should not have been allowed to deprive the plaintiff of the benefit of this admission. As was said in Paige v. Willet, 38 N. Y. 28, while the answer stood upon the record the defendant was not at liberty to raise an issue which he had emphatically closed. Such an admission is "conclusive upon the parties litigant and upon the court, and no countervailing evidence can properly be received, or, if it is, either through inadvertence or by tacit consent, foisted into the case, it is entitled to no consideration." Where a trial judge, upon evidence introduced without objection, has found facts inconsistent with an implied admission in the answer, overlooking the fact that such evidence was not within any issue arising upon the pleadings, it has been held that the evidence should have been disregarded, and that a decree founded upon it will be reversed on appeal. Thomas v. Austin, 4 Barb. 265. Many other decisions might be cited to the same effect. I cannot doubt that the error under consideration would have been avoided in the present case if the plaintiff's counsel had called the attention of the learned trial judge, at the time when the motion to dismiss was made, to the admission of possession contained in the answer. That admission appears to have been overlooked by counsel as well as by the court. Under these circumstances, while the error requires a reversal, I think it should be without costs.

Judgment reversed and new trial granted, without costs. All concur.