JOHN W. KUESTER, Respondent, *v.* PAIGE SALES COMPANY, INC.,
Appellant.

Fourth Department, May 7, 1924.

Sales — action to recover back purchase price paid for automobile based
on alleged breach of oral warranty that automobile was of high
grade — contract signed after oral warranty was made did not con-
tain that warranty — defendant admitted oral warranty and did not
refer in its answer to written contract which contained different
warranty and provided that no other warranty should be binding —
defendant cannot contradict its admission — evidence that automobile
had rear end noise does not establish breach of oral warranty.

In an action to recover back the purchase price paid for an automobile, on the
ground of a breach of an oral warranty, made prior to the execution of the
written contract of sale, that the automobile was a high grade automobile, the
defendant cannot on the trial contradict its admission in its answer that the
oral warranty was made as alleged in the complaint and rely on the written
contract of sale which it did not plead and which contained a different warranty
and an agreement that any warranty not stated in the contract would not be
binding.

Evidence tending to show a defect, in this case a rear end noise in the auto-
mobile caused by the machinery, which completely disappeared when the
tires were changed, does not establish a violation of the oral warranty.

APPEAL by the defendant, Paige Sales Company, Inc., from
a judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Erie on the 7th day of
November, 1923, upon the verdict of a jury, and also from an order
entered in said clerk's office on the 9th day of November, 1923,
denying the defendant's motion for a new trial made upon the
minutes.

*Myron S. Short,* for the appellant.

*Wilcox & Van Allen [Philip A. Laing* of counsel], for the
respondent.

CROUCH, J.:

On May 8, 1922, plaintiff purchased of defendant in the city of
Buffalo a Paige passenger automobile. Plaintiff testifies as follows
to a statement made by defendant's authorized agent in the course
of the antecedent talk: " Q. What kind of a car did he say this
was? A. It was a high grade automobile; that is the way it was sold
to me; I asked him what he meant by being a high grade automobile;
why he said, just place it in a class with a Packard, or Cadillac
or any high grade automobile, and I bought it on his say so."

Thereafter and under date of May 8, 1922, a written contract was signed by the parties complete on its face. That contract contained the following provisions: " It is understood that prior to delivery, if I so desire, I may inspect the car to be delivered hereunder; that this car is sold under the warranty of the Paige-Detroit Motor Car Company as published by them and that no other warranty of quality, express or implied, statutory or otherwise, shall survive the delivery of any car delivered hereunder, the benefit of all such warranties, statutory or otherwise, being hereby expressly waived by me. * * * It is mutually agreed that there are no warranties express or implied, promises, verbal understandings or agreements of any kind pertaining to this order or to the car to be delivered hereunder, not clearly specified herein, and that this contract is in no way binding upon the Paige Sales Co., Inc., until it is signed or otherwise specified approved by a signature of an officer of the Company."

The warranty under which the car was sold, referred to in the above-quoted provision of the contract, was the so-called standard warranty by which defendant in substance agreed to make good any defects in material and workmanship in any parts which should be returned for that purpose within ninety days after delivery of car to purchaser.

The car was delivered to plaintiff on May 9, 1922. After driving it, plaintiff found that there was a noise in the rear end. He took the car to defendant's service station. From that time until August 8, 1922, varied efforts were made by defendant to ascertain the cause of the noise and to remedy it. Adjustments were made several times within ten or fifteen days; then a new carrier was put in; then a new rear end was put in; later the car was sent to the factory to be tested and adjusted; still later a new rear axle, tested and tried out at the factory, was sent on and installed; all apparently without result. During this time plaintiff used the car and drove it several thousand miles. On August 8, 1922, plaintiff took the car to defendant and left it there with the keys. Under date of August 14, 1922, plaintiff sent a letter to defendant saying that as the car was not what was warranted he elected to rescind and demanded the return of the purchase price. Shortly after the car was last left with defendant, experiments were made with different types of tires and it was at once discovered, as defendant claims, that with the change of tires the noise completely disappeared. Plaintiff was so notified, but refused to take the car and brought this action to recover the purchase price.

At the close of the evidence defendant moved to dismiss upon the grounds, among others, that the written contract embodied

the complete agreement of the parties; that plaintiff had thereby waived all warranties except the so-called standard warranty; that in any event there was no proof of any other warranty because the statement relating to the grade and class of the car was mere dealers' talk; and upon the general ground that no cause of action had been made out. The motion was denied and exception taken.

The case was sent to the jury on the theory that there was an oral warranty, not lost in the written contract, to the effect that the car in question was a high-grade automobile; and the jury was told that plaintiff might have a verdict if they found the car was not a high-grade automobile, that plaintiff had relied on its being such and had in consequence suffered damages. No exceptions were taken.

The plaintiff had a verdict and defendant appeals.

It is contended that the statement that the car was a high-grade automobile was not a warranty and that even though it were, it did not survive the written contract. A conclusive objection to this contention is that the defendant admitted in its answer that " as an inducement to this plaintiff to purchase said automobile, the defendant at the time of said purchase represented and warranted that said automobile was a high-grade automobile." The written contract is not referred to in the answer. The defendant must abide by that admission. The statement may not now be said to have been mere dealers' talk; nor may defendant contradict by the written contract the existence of a warranty which by its answer it admits having made. (*Thompson* v. *Postal Life Ins. Co.*, 226 N. Y. 363, 368; *Pennacchio* v. *Greco*, 107 App. Div. 225, 227; *Kelly* v. *St. Michael's Roman Catholic Church*, 148 id. 767.)

What the situation would have been without that admission, or with an allegation that the admitted warranty had been waived, need not be considered.

But I think there was ▇▇▇▇vidence to show a breach of that warranty. The plaintiff's evidence tended only to show a rear-end noise caused by the machinery. No defect in the material or workmanship was shown, except as it might be inferred from the noise. But such a defect, if it existed, was covered by the standard warranty. The statement that the car was a high-grade automobile was explained and understood by plaintiff as meaning " in a class with a Packard or Cadillac or any high grade automobile." It was a warranty of caste. " In a class with a Packard or Cadillac " may be contrasted with the expression " Ford class " used by respondent's counsel in his brief. It may be said to have reference to the general standing of the car in the motoring world,

determined largely by price. There was no misapprehension about this in the plaintiff's mind. He had been an automobile salesman himself. He testifies that he " bought it on Mr. Brown's word saying that it was a high grade automobile   *   *   *. I didn't question it for one minute; *I think it is to this day, only I happened to get a defective car.*" The distinction could not be made plainer. A Packard or Cadillac might be defective without affecting its standing as a high-grade car. And so here.

Whether there was any breach of the standard warranty was not submitted to the jury. We need not consider the question here. There was no evidence to show a breach of the warranty upon which plaintiff was standing and upon which the case went to the jury.

The judgment should be reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide event.