MORRIS LEVINE and SAMUEL LEVINE, Copartners, Doing Business as FAMOUS DRESS AND COSTUME COMPANY, Plaintiffs, Appellants, v. SAMUEL KROHNBERG and LOUIS KROHNBERG, Copartners Doing Business as BIJOU DRESS COMPANY, Defendants, Respondents.

Supreme Court, Appellate Term, First Department, November 11, 1924.

**Principal and agent — action for damages for breach of defendants' contract to furnish material from which plaintiffs were to manufacture dresses for defendants — existence of agent's authority may not be proved by declarations of agent — failure to grant adjournment to plaintiffs, to permit them to call defendants' agent as witness to show authority to contract, error — judgment reversed.**

The existence of an agent's authority, express or implied, may not be proved by declarations of the agent. Moreover, the two best witnesses as to the existence of such authority are the principal and the agent.

Accordingly, a judgment dismissing plaintiffs' complaint, in an action for damages for breach of defendants' contract to furnish material from which plaintiffs were to manufacture dresses for defendants, should be reversed and a new trial ordered, where it appears that the plaintiffs, claiming surprise on the trial by reason of defendants' denial of their agent's authority to contract, were refused an adjournment to produce the agent to prove his authority, since the claim of surprise was genuine and plaintiffs should have been given an opportunity to call the agent as their own witness, the denial of which was manifestly an error of law.

Appeal by plaintiffs from a judgment of the City Court of the city of New York dismissing the complaint at the close of plaintiffs' case.

*Campbell & Miners (Judson D. Campbell,* of counsel), for the appellants.

*Burnstine & Geist (Henry C. Burnstein* and *George E. Netter,* of counsel), for the respondents.

*Per Curiam.* Plaintiffs sued for damages for breach of defendants' agreement to furnish material from which plaintiffs were to manufacture dresses for defendants. The dismissal of the complaint was on the ground that plaintiffs had failed to prove the authority of one Bernard Solomon, who signed the contract which forms the basis for the cause of action. We think on plaintiffs' testimony that in defendants' business establishment Solomon " was busy with contractors," and after finishing with them, interviewed plaintiff and then gave the order, might have presented to the jury the question whether he was not at least held out by defendants as having authority to do this very business. However, one of the plaintiffs then testified that when their contract was not carried out, he interviewed one of the defendants who repeatedly told him to call for the goods and said, "It should not happen again." This might well have been interpreted as an adoption or ratification of Solomon's order or as an admission that he had authority.

But it is not necessary to decide these points, because plaintiffs put one of defendants on the stand, who testified that Solomon did not give orders for goods without defendants' knowledge, " I had to o. k. them," but Mr. Solomon interviewed the contractors and examined the styles, and more to the same effect. Plaintiffs' counsel, claiming surprise that this defense was raised, first asked leave to withdraw a juror, which was denied, and then asked for an adjournment of sufficient time to call Solomon among other witnesses to prove his authority, to which the court responded: " I cannot see how you can prove any authority by anybody except somebody that had authority to give authority. You cannot prove it by the individual himself, because he cannot prove it." This was evidently a misconception on the learned court's part of the doctrine that agency cannot be proved by *declarations* of the agent. It is self evident that the two best witnesses as to the existence of authority, express or implied, are the principal and agent.

We think that plaintiffs' claim of surprise was genuine and that they should have been afforded an opportunity at least to call Solo-

mon as their witness which opportunity was denied them by reason of a manifest error of law.

Plaintiffs subsequently made a motion for a new trial on the ground of false testimony given by the defendant called as plaintiffs' witness and of newly-discovered facts in regard to Solomon's authority including affidavits made by both Solomon and the witness, defendant, in another proceeding. This motion apparently was denied or dismissed on the ground that it was not made upon a case settled as required by our practice. We, therefore, do not pass upon that motion, but the papers which are printed in this record indicate that plaintiffs certainly can procure some evidence in regard to Solomon's authority and should be heard.

Judgment reversed and new trial ordered, with costs to abide the event

All concur; present, GUY, BIJUR and MULLAN, JJ.