UPTOWN TRANSPORTATION CORPORATION, Plaintiff, *v.* FISK DISCOUNT CORPORATION, Defendant.

Supreme Court, New York County, April 6, 1934.

*Herman Schneckner,* for the plaintiff.

*Woodruff & Grill [Zarah Williamson* of counsel], for the defendant.

COLLINS, J. This unusual motion by the defendant, under section 522 of the Civil Practice Act, aims to set aside as excessive a summary judgment. The judgment was entered on March 13, 1934, and is for the sum of $29,243.85. The defendant makes the extraordinary contention that although it acquiesced in the amount claimed by the plaintiff, it discovered, after the entry of judgment, after a motion for reargument was granted and the original decision

adhered to, and after a stay pending an appeal was denied, that the amount of the judgment is excessive in the sum of $5,625.

The action was based on section 80-e of the Personal Property Law and was designed to recover one-fourth of the sum of all payments made by the plaintiff to the defendant under contracts between the plaintiff and the defendant's assignor for the purchase of a fleet of taxicabs. The purchase price not having been fully paid, the defendant retook possession of the cabs as authorized by section 78 of the Personal Property Law and sold them pursuant to section 79 of that law. The predicate of the action was that the plaintiff was not given the notice requisite under the provisions of section 79, and that such non-compliance authorized the recovery under section 80-e.

On the motion the facts were not only free from dispute but conceded by the defendant. No issue was raised concerning the amount of the purchase price of the cabs. Indeed, the defendant avowed " it is unnecessary to raise any issue on this point," and concluded that " it is accurate to say, then, that on all the material facts in this case, the plaintiff and the defendant are in agreement."

Obviously, therefore, the motion for summary judgment presented a legal question solely, viz., whether the defendant had complied with the provisions of section 79.

The court decided the legal issue adversely to the defendant, and, as observed, granted the plaintiff's motion for summary judgment (N. Y. L. J. Mar. 1, 1934). Thereupon, the defendant moved for a reargument. The reargument was granted but the original determination was adhered to (N. Y. L. J. Mar. 13, 1934). An appeal from the order granting summary judgment was taken and is now pending. The defendant then moved for a stay pending the appeal and that motion was denied (N. Y. L. J. Mar. 23, 1934).

The defendant now says that it discovered, on March 21, 1934, that under the purchase agreement the plaintiff was given a trade allowance of $22,500; that this " amount was a credit that never passed from one party to another and plaintiff should not be permitted to enhance its damages by including in the judgment one-fourth of a sum that never represented payments made or that had to be made." Accordingly, the defendant insists that the judgment is $5,625 in excess of the amount that should have been entered and it moves to nullify the entire judgment.

I am not impressed by the defendant's excuse for not having raised the present issue before. It is difficult to conceive how the alleged discrepancy could have occurred. The explanation of the difference of $22,500 in the purchase price is not very persuasive or plausible. The written contracts of sale seemingly support the

plaintiff's version. The excuse advanced by the defendant that " conditions in the taxicab industry have been aggravated by strikes and wage disputes for more than a month past, and even now are extremely unsettled," and that " files, papers and documents of defendant have been misplaced and upset," is far from convincing. The defendant is engaged in the finance business and it does not appear that it operates taxicabs. In any event, just how such a large discrepancy could have remained a secret from the time the action was commenced, in December, 1933, to March 21, 1934, is not easy to fathom.

However, the defendant's claim is substantial and colorable enough to warrant a more searching examination than that permitted by the affidavits.

It may be that a strict adherence to formalism bars the defendant from the relief it now seeks. It acquiesced in the amount of damages. (*Nigri* v. *Franz*, 227 App. Div. 765.) The amount was admitted in the pleadings.

In *Levy* v. *Delaware, Lackawanna & Western R. R. Co.* (211 App. Div. 503) it was observed (at p. 505): " In any matter which involves their individual rights, the parties may agree upon the existence or truth of certain facts which they wish to present to the court for adjudication. They may agree to a submission of a controversy upon an agreed statement of facts. (Civ. Prac. Act, § 546.) If the parties are satisfied, the court will not concern itself whether these are the actual facts. They may so agree by admissions in pleadings, in which case a party having once admitted facts alleged must abide by his admission, although he much desires to prove the contrary. (*Kuester* v. *Paige Sales Co.*, 209 App. Div. 294, 296; *Pannacchio* v. *Greco*, 107 id. 225; *Thompson* v. *Postal Life Ins. Co.*, 226 N. Y. 363.) "

Again, according to its own affidavit, " defendant stands in the same position as one seeking relief on the grounds of newly-discovered evidence." Nevertheless, it has not brought itself within the rule authorizing a new trial on the ground of newly-discovered evidence. (*Collins* v. *Central Trust Company*, 226 App. Div. 486.) More, the defendant has not procured " a case to be settled in the same manner as on an appeal from a judgment, before making a motion for a new trial." (*Jensen* v. *Union Ry. of New York City*, 260 N. Y. 1; Rules Civ. Prac. rule 221; *Levine* v. *Krohnberg*, 123 Misc. 921; *Preleson* v. *Ali*, 143 id. 296.)

Notwithstanding, if an injustice has been done, the court is not impotent to effect rectification. (*Ladd* v. *Stevenson*, 112 N. Y. 325; *Vanderbilt* v. *Schreyer*, 81 id. 646; *Flanson Realty Corp.* v. *Workers' Unity House, Inc.*, 229 App. Div. 179.) It would be an inexcusable

maladministration of justice to compel a defendant to pay $5,625 more than it owes. Conscience would not permit such a result. Regardless of procedural fetters the more basic principles of justice will not deny relief to a litigant against whom an unfounded judgment has been rendered. Law is not so inflexible or inexorable. Substance will not tolerate being outwitted or outdone by form.

If the defendant is endeavoring to employ this motion as a circuitous means to again reargue the original motion, it will receive no comfort from this court. If, however, the issue which it now raises is genuine and not feigned, it should be given an opportunity to be heard concerning *that issue*. But there is no occasion or necessity for a new trial, and none will be ordered.

The defendant's insistence that had the alleged fact of the excess been presented on the original motion, it would have necessitated a denial of the motion for summary judgment, is not well founded. According to the amended rule 113, where the motion presents no triable issue " other than the question of the amount of damages for which judgment should be granted, an assessment to determine such amount shall forthwith be ordered for immediate hearing to be tried by a referee, by the court alone, or by the court and a jury, whichever shall be appropriate. Upon the rendering of the assessment, judgment in the action shall be rendered forthwith." (*Aiken Mills, Inc.*, v. *Boss Manufacturing Co.*, 238 App. Div. 605.)

In any event, the plaintiff would have been entitled to partial summary judgment, pursuant to rule 114, for $20,498.75, with interest and costs. This the defendant, on this motion, concedes.

The present motion will be granted to the extent that a referee will be named to hear and try the single issue concerning the propriety and validity of the disputed item of $5,625, and to render his report thereon. Pending the coming in of the report the motion will be held in abeyance. The original judgment, however, for the time being at least, shall remain undisturbed. By the co-operation of the parties, the referee's report should be in before the pending appeal from the original judgment is disposed of. And since it appears that the plaintiff has been secured by an undertaking on the appeal, no harm can come to it by this disposition. Settle order.