DETERMINED IN THE

# FIFTH DEPARTMENT,

AT

# GENERAL TERM,

## 𝔒𝔠𝔱𝔬𝔟𝔢𝔯, 1887.

JOHN A. GETTY, APPELLANT, *v.* THE TOWN OF HAMLIN
AND THE TOWN OF KENDALL, RESPONDENTS.

*Admissions in pleading — evidence tending to contradict them is inadmissible — Code
of Civil Procedure, sec. 522.*

This action was brought against the towns of Hamlin and Kendall to recover for
injuries sustained by the plaintiff by reason of his being thrown from his wagon
while driving upon a defective approach to a bridge, on a highway running north
and south between the two towns, which was crossed by a stream over which the
bridge was erected. It was averred in the complaint, and admitted in the answers,
that the highway, including the bridge, was, at all points, upon the line between
the towns, and that the bridge had been constructed by the two towns, and main-
tained by them for a number of years, next preceding the commencement of the
action, at least up to the time of the injury.

Upon the trial, when the plaintiff rested, a nonsuit was granted as to the town of
Kendall upon two grounds, one of which was that evidence, admitted against
the objection of the plaintiff, showed that owing to a deflection in the line of the
highway, at or near the point where the bridge was built, the bridge was wholly
in the town of Hamlin.

*Held,* that the court erred in admitting the evidence, as it contradicted the admissions
made in the pleadings.

The other ground was that there was no proof that the commissioner of that town
had funds with which to repair. Upon the trial evidence was given tending to
prove that one of the commissioners had procured some materials to make the
repairs shortly before the accident, and that on the morning after it occurred
the commissioners of both towns made the needed repairs.

*Held,* that the court erred in taking the case from the jury, as the jury might, from this evidence, have inferred that the commissioners had the requisite funds or means to repair before the accident happened, and for the further reason that the burden of showing a lack of funds rested upon the defendants and not upon the plaintiff.

*Bidwell* v. *Town of Murray* (40 Hun, 190) followed.

After the nonsuit was granted to the town of Kendall the town of Hamlin was permitted, against the objection of the plaintiff, to introduce evidence tending to show that, although the bridge was solely in Hamlin, that part of the road in which it was situated had been allotted to the town of Kendall, under the provisions of section 75 of 1 Revised Statutes, 517, to keep in repair.

*Held,* that as the evidence contradicted the admissions of the answer the court erred in admitting it.

The question as to whether it was competent for the two towns to allot to one of them the care of the bridge, so as to relieve the other from responsibility to the public in respect to its condition, was not decided.

APPEAL from a judgment entered upon a nonsuit ordered at the Monroe Circuit, and from an order denying a motion for a new trial made upon a case.

*J. D. Decker,* for the appellant.

*J. M. Davy,* for the respondents.

SMITH, P. J. :

Action to recover for injuries received by plaintiff on the 26th of April, 1884, by being thrown from his wagon while driving upon a defective approach to a bridge, on a highway running north and south between the towns of Hamlin and Kendall, known as the town line road. The highway is intersected by a stream called "Sandy Creek," over which the bridge is erected, forming a part of the highway. The theory of the action is that the two defendant towns are jointly liable for the construction and maintenance of the bridge and its approaches, and that by the negligence of said towns and their respective commissioners of highways the said approaches were suffered to be out of repair, whereby the injuries complained of were caused.

At the trial, when the plaintiff rested a nonsuit was granted as to the town of Kendall. The trial then proceeded as against the town of Hamlin, and at the close of the evidence a nonsuit was granted as to that town also. The grounds of the nonsuit as to the town of Kendall were that there was no proof that the commissioner of that

town had funds with which to repair, and that it appeared in evidence that owing to a deflection in the line of the highway at or near the point where the bridge was built, the bridge was wholly in the town of Hamlin. After the nonsuit was granted as to the town of Kendall the defense gave evidence tending to show that although the bridge was solely in Hamlin, that part of the road in which it was situated had been allotted to Kendall, under the statute (1 R. S., 517, § 75), to keep the same in repair, and on that ground a nonsuit was granted as to Hamlin. Thus it happened that the plaintiff, after having made a case which would have authorized the jury to find that the injuries which he had sustained resulted from defects in the approaches to the bridge, without negligence on his part, was turned out of court, not upon the ground that no liability was shown on the part of the defendants or either of them, but, first, upon the motion of Kendall, on the ground that Hamlin was exclusively liable, and next, upon the motion of Hamlin, on the ground that the liability rested upon Kendall alone.

That result was produced by what we regard as the erroneous admission of evidence offered by the defendants in contradiction of their admissions in the pleadings. The complaint alleged that " said towns are divided or separated by a public highway, commonly known as the county line road;" that across said highway is a creek; that over said creek is a bridge for passage by those traveling upon said highway; and that said bridge had been constructed and maintained for a number of years last past across said creek in said highway by said towns. Those allegations were admitted by the answer of both defendants. The complaint also alleged that said towns are jointly liable to maintain said bridge and keep it in repair at their joint expense. That allegation was denied. The latter allegation was, obviously, a mere conclusion of law, and its denial did not operate to limit or qualify the admission of the facts previously alleged. One of those facts was that the highway, of which the bridge formed a part, divided the towns. But the defendants were permitted to prove, in the face of their admission of that fact, that a portion of such highway, including the bridge, did not divide the towns, but was wholly in Hamlin. We regard that evidence, and the evidence of the allotment of the bridge to Kendall, as directly opposed to the admissions in the pleadings.

The averments in the complaint, which are admitted in the answer, are, in substance, that the highway, including the bridge, was, at all points, upon the line between the towns, and that the bridge had been constructed by the two towns, and maintained by them for a number of years next preceding the commencement of the action, or at least up to the time of the injury. From these facts not only the liability of the two towns to repair resulted as a legal conclusion, under the statutes and the adjudications of the courts applicable to the subject (1 R. S., 501, § 1; Laws 1841, chap. 225, § 1, as amended by Laws 1857, chap. 383, § 1; *Lapham* v. *Rice*, 55 N. Y., 472; *Day* v. *Day*, 94 N. Y., 153), but it also appeared conclusively that they had recognized such liability and acted upon it for several years.

The allegations referred to were material to the cause of action, and not having been controverted in the answer, the statute requires that they be taken to be true for the purposes of the action. (Code, § 522.) In accordance with the statute, it has been held that whatever has been admitted in the pleadings cannot be contradicted in the subsequent pleadings, on the trial, or in the verdict. (*Crosbie* v. *Leary*, 6 Bosw., 312; *Thomas* v. *Austin*, 4 Barb., 265; *Paige* v. *Willet*, 38 N. Y., 28.) And a judgment contrary to the admissions of the pleadings must be set aside. (*Bridge* v. *Payson*, 5 Sandf., 210.)

The evidence in question was objected to by the plaintiff's counsel on the ground that it contradicted the pleadings. Evidence that the bridge was in Hamlin was first offered on the cross-examination of one of plaintiff's witnesses, and it having been objected to on the ground above stated, it was received, as the case states, as proper on cross-examination, but not to have the effect of contradicting any fact admitted by the pleadings. That it did have that effect, however, is apparent, if we are right in the view we have taken of the substance of the allegations in the complaint.

Upon the question whether the commissioners of Kendall had funds applicable to the reparation of the approaches to the bridge, we thing there was evidence to go to the jury. There was proof that one of the commissioners had procured some materials to make the repairs shortly before the accident, and that on the morning after it occured the commissioners of both towns made the needed repairs. From that evidence it was competent for the jury to infer that the commissioners had the requisite funds or means to repair

before the accident happened, even if it was incumbent on the plaintiff to show that the commissioners had funds or the power to obtain them. But it has been held frequently that the lack of funds is matter of defense, and the burden of showing it is on the defendant. (*Bidwell* v. *Town of Murray*, 40 Hun, 190, and cases cited by BRADLEY, J., p. 196.)

The respondent's counsel contends that unless a joint liability was shown, the nonsuit was proper. Upon that question also, it is unnecessary to pass, and we do not decide it. For, as has been said, the facts admitted by the answer, in the view which we take of them, conclusively establish a joint liability.

Still another question, discussed by the trial judge in his opinion denying a new trial, we do not consider, and that is whether it was competent for the two towns to allot to one of them the care of the bridge so as to relieve the other from responsibility to the public in respect to its condition. (*Day* v. *Day, supra.*)

In the present state of the pleadings, as we regard them, that question and the others which we have mentioned only to say that we give them no consideration, do not arise. For the error above pointed out a new trial must be ordered. It may be that before another trial the defendants may amend their answer by leave of the court, so as to make the evidence admissible to which we have adverted. We cannot anticipate the questions of law which may then arise, and any further discussion of the case at the present time would be premature.

The judgment and order should be reversed and a new trial granted, costs to abide event.

HAIGHT and BRADLEY, JJ., concurred.

Judgment and order reversed and new trial granted, with costs to abide event.