KATE H. THOMPSON, Appellant, *v.* POSTAL LIFE INSUR-
ANCE COMPANY et al., Respondents.

Insurance (life) — agreement by insurer to waive forfeiture and reinstate policy lapsed by non-payment of premium — when the insurer cannot without reason repudiate the agreement — construction and application of Statute of Limitations created by section 92 of the Insurance Law.

1. Where a life insurance company offered and agreed to reinstate a policy of life insurance, lapsed by non-payment of a premium, and to waive the forfeiture and lapse of the policy, provided the insured applied for the restoration of the policy and took an examination before a medical examiner appointed by the company and furnished satisfactory evidence of his insurability, and the uncontradicted evidence shows that the condition was in fact fulfilled, the company could not refuse to carry out the agreement and reinstate him upon the ground that the evidence of his condition was unsatisfactory to it. Evidence that ought to have satisfied was supplied, and thereupon, without further act of the insured or the insurer, the policy was revived.

2. Where in an action brought, after the death of the insured, to recover the amount of the policy the agreement to waive the forfeiture and reinstate the insured was stated in the complaint and admitted in the answer, a letter from the company to the insured that the company would " consider " the question of waiver cannot overcome

the effect of the admissions in the pleadings. For the purposes of the action, the allegations of the complaint, admitted by the answer, must be taken as true. (Code Civ. Pro. § 522.)

3. The company pleads the Statute of Limitations in bar of recovery under section 92 of the Insurance Law (Cons. Laws, ch. 28) that "No action shall be maintained to recover under a forfeited policy, unless * * * instituted within two years from the day upon which default was made in paying the premium * * *. for which * * * forfeiture ensued." The insured did not die until more than two years after the repudiation of the policy. *Held*, that the statute is not applicable. A forfeiture asserted without right leaves the policy intact. No action to recover the amount of the insurance would lie during the life of the insured and hence no such right of action was barred by limitation at his death. The statute does not compel the insured to begin an action for the purpose of obtaining a judicial determination that a policy is in force.

*Thompson* v. *Postal Life Ins. Co.*, 178 App. Div. 490, reversed.

(Argued April 22, 1919; decided May 20, 1919.)

APPEAL from a judgment entered July 23, 1917, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Ewen* for appellant. The agreement to waive forfeiture and reinstate the policy became absolute on the assured's furnishing the proofs of his perfect health and insurability on the form furnished by the defendants. That such proofs were " satisfactory " follows as a conclusion of law, in the absence of the suggestion of any ground of dissatisfaction. (*Knickerbocker Ins. Co.* v. *Norton*, 96 U. S. 234; *Miesell* v. *Globe Mut. Ins. Co.*, 76 N. Y. 115; *Dennis* v. *M. B. Assn.*, 120 N. Y. 496; *McNeil* v. *Southern Tier Masonic Relief*, 40 App. Div. 581; *Moot* v. *Business Men's Investment Assn.*, 157 N. Y. 201; *Beck*

v. *Only Skirt Co.*, 176 App. Div. 867; *Studner* v. *H. & N. Carbureter Co.*, 172 N. Y. Supp. 836; *Knights Templars, etc.*, v. *Jacobus*, 80 Fed. Rep. 202; *Leonard* v. *Prudential Ins. Co.*, 128 Wis. 646.) The provision of section 92 of the present Insurance Law that an action upon a forfeited policy must be brought within two years after default has no application. (*Armstrong* v. *A. Ins. Co.*, 130 N. Y. 560; *Clark* v. *West*, 193 N. Y. 349; *Dennis* v. *M. B. Assn.*, 120 N. Y. 503; *Knickerbocker Ice Co.* v. *Norton*, 96 U. S. 234; *McCormack* v. *S. M. Ins. Co.*, 220 N. Y. 458; *Teeter* v. *U. N. L. Assur. Assn.*, 159 N. Y. 411; *Pacific Mut. Life Ins. Co.* v. *Galbraith*, 115 Tenn. 471; *Ash* v. *Fed. Mut. Life Assn.*, 26 Tex. Civ. App. 501; *Adam* v. *M. L. Ins. Co.*, 204 N. Y. 357.)

*Henry F. Cochrane* and *Charles C. Lockwood* for respondents. The action is barred by section 92 of the Insurance Law, in that it was not brought within two years from the date upon which default was made in paying the premium due under the policy. (Cons. Laws, ch. 28, § 92.)

CARDOZO, J. The plaintiff sues upon a policy of life insurance issued by one of the defendants and afterwards assumed by the other. The insurance was on the life of one Charles T. Thompson, and was payable to his wife. Premiums were paid and accepted for more than fifteen years. In the end a delay of six days provoked a forfeiture of the policy. A quarterly payment of $26.10 fell due on June 4, 1912. A period of grace extended the time of payment till July 4, 1912. Payment tendered on July 10, 1912, was rejected by the insurer on the ground that the policy had lapsed. The notice required by section 92 of the Insurance Law (Consol. Laws, chap. 28) had been received in due season by the insured (*McCormack* v. *Security Mut. Life Ins. Co.*, 220 N. Y. 447). The policy, therefore, lapsed unless the forfeiture was waived. The complaint alleges that the defendant

Postal Life Insurance Company did waive the forfeiture, subject to conditions which were duly performed by the insured. The answer admits the agreement, but denies the performance. " The defendant admits that it offered and agreed to reinstate the said policy and to waive the forfeiture and lapse of the said policy, provided the said Charles T. Thompson should make application for such restoration, and should take an examination before a medical examiner to be appointed by the defendant, and provided further that the said Charles T. Thompson should furnish satisfactory evidence of his insurability." This admission is followed by the statement that the insured did not furnish satisfactory evidence of his insurability, and that the defendant, for that reason, refused to reinstate the policy.

We think the uncontradicted evidence is that the condition was fulfilled. The insured applied for the reinstatement of his policy upon forms furnished by the insurer. He submitted to an examination by a physician designated by the insurer. Part of the form of application consists of questions to be answered by the insured. The answers give no hint of a defect in health or habits. Another part of the application is a certificate to be filled out by the examining physician. Again, there is nothing to suggest a reason for rejection. In a blank headed " remarks," the examiner supplements the detailed information with this statement: " Have known applicant for eighteen years and have never heard of his being sick. He is in splendid health, and apparently a good risk." This is again supplemented by the testimony of a physician that it is impossible to pick a flaw in the health of the insured as disclosed in the report. The insurer received the proofs, and notified the insured on July 30, 1912, that the application was rejected. There was no suggestion of a reason. In letters of later date the excuse was offered that the medical report was unsatisfactory. Even then there was no suggestion wherein it was unsatis-

factory. The time of trial arrived, and the medical director took the stand. He testified that he had rejected the application. He was allowed to add that he had done so in the exercise of his discretion and knowledge, the court ruling that this was to be assumed from the fact of rejection, so that the added statement counted for nothing. No flaw in the report was pointed out. No reason for dissatisfaction was assigned. The insurer had already taken the position, in its letters to the plaintiff, that no reason was necessary. In truth none existed, except the insurer's dissatisfaction with its promise. The trial court found that at the date of rejection the insured was " in good physical health and insurable condition." The finding was not disturbed by the Appellate Division. No other finding would have been consistent with the evidence.

In these circumstances the insured must be held to have satisfied the condition upon which waiver was dependent. It is no answer to say that the evidence of his condition was not satisfactory to the insurer. The agreement did not contemplate the exercise of the insurer's taste or fancy or caprice (*Crawford* v. *Mail & Ex. Pub. Co.*, 163 N. Y. 404). " It could not be unsatisfied with the certificate, capriciously. That which the law will say a contracting party ought in reason to be satisfied with, that the law will say he is satisfied with " (*Miesell* v. *Globe Mut. Life Ins. Co.*, 76 N. Y. 115, 119). In the case cited we applied that principle to a very similar situation. There are other cases to the same effect: *Dennis* v. *Mass. Benefit Assn.* (120 N. Y. 496, 505); *Knights Templars' & M. Life Indemnity Co.* v. *Jacobus* (80 Fed. Rep. 205); *Leonard* v. *Prudential Ins. Co.* (128 Wis. 348). This insurer had agreed to reinstate and waive if satisfactory evidence of insurability was supplied. Evidence that ought to have satisfied was supplied, and thereupon, without further act of the insured or the insurer, the policy was revived (*Miesell* v. *Globe Mut. Life Ins. Co., supra;*

*Dennis* v. *Mass. Ben. Assn., supra; Reed* v. *Provident Savings Life Assur. Soc.,* 190 N. Y. 111, 120; *Knights Templars' & M. Life Ind. Co.* v. *Jacobus,* 80 Fed. Rep. 202, 205). An attempt is made to show that the insurer did not agree to waive upon production of proper proofs, but only in that event " to consider " whether it would waive. A letter from the insurer to the insured is quoted to sustain the argument. The letter was received under the plaintiff's objection that it tended to contradict the admissions of the pleadings. It was received under the ruling that it would be given no such effect, and would be taken merely as part of the history of the transaction. There was no issue to be tried in respect of the terms of the agreement. The agreement was stated in the complaint and admitted in the answer. It was not an agreement to " consider." It was an agreement to waive (*Ins. Co.* v. *Norton,* 96 U. S. 234, 242). If the letter tends to prove some other agreement, we are not at liberty to consider it (*Horan* v. *Hastorf,* 223 N. Y. 490, 494). For the purposes of the action, the allegations of the complaint, admitted by the answer, must be taken as true (Code Civ. Pro. § 522).

One other defense remains to be considered. The defendants plead the Statute of Limitations in bar of a recovery. Section 92 of the Insurance Law provides that " no action shall be maintained to recover under a forfeited policy, unless the same is instituted within two years from the day upon which default was made in paying the premium, installment, interest or portion thereof for which it is claimed that forfeiture ensued." We held in *Adam* v. *Manhattan Life Ins. Co.* (204 N. Y. 357) that " a forfeited policy " within the meaning of this provision is one rightfully forfeited. A forfeiture asserted without right leaves the policy intact. This policy was forfeited once, but the forfeiture was waived. The subsequent repudiation of the waiver did not work a forfeiture anew. Reinstatement followed automatically

upon waiver, as waiver followed automatically upon the announcement of an intent to waive. The insured did not die till November, 1914, more than two years after the repudiation of the policy. No action to recover the amount of the insurance would lie during his life (*Kelly v. Security Mut. Life Ins. Co.,* 186 N. Y. 16; *Shaw v. Republic Life Ins. Co.,* 69 N. Y. 286, 293). It follows that no such right of action was barred by limitation at his death. He was not required to sue in equity to declare the policy in force (*Miesell v. Globe Mut. Life Ins. Co., supra,* at p. 120). He might have done so at his election (*Meyer v. Knickerbocker Life Ins. Co.,* 73 N. Y. 516), but nothing in the statute suggests a purpose to charge him with such a duty. The rule of limitation applies to actions to " recover under " policies (Insurance Law, sec. 92). That is not an apt description of an action which seeks a judicial declaration that a policy exists. No duty to seek such a declaration rests upon one insured unless this statute has imposed it. The statute has not done so in express terms. It has not done so, we think, by reasonable implication. Such a change, if intended, should find its origin in plainer words. It was not the purpose of the lawmakers in enacting a rule of limitation to effect by indirection a transformation of the law of remedies. In thus holding, we do not leave the statute without some field of operation. It applies to actions to recover the surrender value or like benefits remaining after lawful forfeiture. We are not required to decide that it may not apply to other situations. We think it does not apply to the situation now before us.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

Hiscock, Ch. J., Collin, Pound, Crane and Andrews, JJ., concur; Cuddeback, J., not voting.

Judgment reversed, etc.