## LIEBERMAN v. ÆTNA LIFE INS. CO.

### No. 115.

*Circuit Court of Appeals, Second Circuit.*

Jan. 8, 1934.

Medina & Sherpick, of New York City (Harold R. Medina and William Gilbert, both of New York City, of counsel), for appellant.

James B. Henney, of New York City (Daniel Miner, of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellant's husband died an accidental death June 14, 1932. In December, 1931, he had issued to him by appellee, three policies of insurance for a total sum of $20,000. Appellant was named as beneficiary in each. At death, payment of these policies was refused and appellant sued at law. Appellee's answer to this action admitted the issuance of the policies, notice and proof of death. As a separate defense it alleged that on March 23 and 28, 1932, there became due upon the respective policies three separate quarter-annual premiums which were not paid on their due dates or within the grace period, and because of that fact, the policies lapsed and became void and were not in effect at the date of the death of the insured. It disclaimed liability predicated upon this lapse.

The reply served by appellant presented the issue to be decided in the law action. Nonpayment of the March premiums was not denied. It was claimed that the insured formally applied for reinstatement of the policies pursuant to a provision of the policies which permitted the insured within five years after default in any premium payment, if the policies had not been surrendered, to obtain reinstatement upon evidence of insurability satisfactory to the company and by the payment of the arrears of premiums with interest and by payment or reinstatement of whatever indebtedness to the company existed thereon at the date of the default with interest from that date. It is alleged that at the time of application not only were the arrears paid, but the insured furnished evidence of insurability which was, or in good faith should have been, satisfactory to the appellee. It is pleaded that the policy was reinstated and was in force at the time of death.

A bill of discovery has been filed in aid of the action at law to recover on the policies and interrogatories were annexed. Some were ordered answered. Question 6a, reading, "State in detail the facts relative to the physical condition of the insured as revealed upon said examination or examinations of reinstatement, including among other things, the items of weight, blood pressure, urine, heart, lungs, etc." was held improper and the form was changed by the court deleting the words "including, among other things" and "etc." Questions ordered to be answered required the appellee to state the date of filing of, and to produce a copy of, the application submitted by the insured containing his answers to the questions relating to his condition of health at that time. The court disallowed inquiries as to the results of the medical examination of the insured person conducted by physicians of the appellee. The appellee was required to state on how many occasions examinations of the insured were had for the purpose of reinstatement as well as the dates thereof. The discovery of the results of the examinations was refused. Complaint is made only of the refusal to require answer to interrogatory 6a in the form proposed by the appellant. We think answer should have been required as requested and not in the modified form the court decreed.

The burden of proving, in the law action, that the insured, following the lapse, furnished evidence of insurability, was upon the appellant. It was necessary for her to show that it was satisfactory to the appellee. This evidence consisted, among other things, of the submission by the insured of his person for examination, and it is the appellant's duty to prove what the examination disclosed and what the evidence was, all of which to establish reinstatement or the right thereto. Thompson v. Postal Life Ins. Co., 226 N. Y. 363, 123 N. E. 750. Appellant was entitled to a discovery to enable her to sustain this burden of proof. Baush Machine Tool Co. v. Aluminum Co., 63 F.(2d) 778 (C. C. A. 2). Deleting the words from question 6a limited the scope of the inquiry, and the appellee, instead of being required to reveal other circumstances which the examination of the insured had disclosed to it, was required only to tell what was found in the matter pertaining to items of weight, blood pressure, urine, heart, and lungs. Appellee was not required to make known such matters as examination of the kidneys, liver, or other organs of the body which might be fatal in the matter of insurability. While the court recognized the propriety of discovery in principle, it denied the full disclosure and this amounted to a denial of the right of discovery. We may assume thoroughness, embracing all sources of inquiry and information which a diligent ex-

908

aminer would consider. This undoubtedly was embraced within the test made for ascertaining insurability. The court should have directed the appellee to disclose and make known the result in full of these examinations. The theory of the law of discovery meant to give the information which the appellee obtained by its examination of the insured. Answering question 6a as proposed would have met this requirement. The decree in so far as appealed from is reversed.

Decree reversed.