HAROLD F. MILLER, Appellant, *v.* THE CONTINENTAL CASUALTY COMPANY, Respondent.

First Department, March 7, 1941.

*Alfred B. Nathan* of counsel [*Moos, Nathan, Imbrey & Levine*, attorneys], for the appellant.

*Andrew Eckel* of counsel [*McCormick & Eckel*, attorneys], for the respondent.

CoHN, J.   This is an appeal from a judgment dismissing the complaint in an action brought to compel reinstatement of an accident and health policy.

In September, 1929, respondent issued to appellant a noncancelable policy of accident and health insurance.  After the policy had been in force for ten years, appellant defaulted in payment of the premium which became due on September 12, 1939.

The contract of insurance contained a clause which provided as follows: "After any default in payment of premium, this policy may be reinstated   *   *   *   at any time within six months from the date of such default on written application by the Insured to the General Office of the Company and the payment of the defaulted premium, provided the Insured shall submit with such application evidence of insurability satisfactory to the Company."

Pursuant to this provision, appellant sought reinstatement and delivered to respondent his written application therefor, containing evidence of insurability, within the six-month period after the default, together with the requisite amount of the overdue premium.

Thereafter, upon respondent's request, appellant granted permission to the insurer to secure letters from physicians whom appellant's application for reinstatement showed he had consulted since the year 1929.  Respondent thus obtained four letters in each of which it was advised of the occasions when appellant had consulted doctors and the reasons for the visits.

Acting solely upon the information contained in appellant's application for reinstatement and the communications procured from appellant's physicians, respondent refused to reinstate the

policy. Appellant thereupon brought this action to compel restoration of the policy protection. From the judgment granted in respondent's favor after trial, the insured is appealing.

The question presented is whether the trial court erred in holding that in declining to reinstate the policy, respondent had acted honestly and in good faith and not arbitrarily and unreasonably.

The policy of insurance, though lapsed, was still a contract. Under its terms, the insurer was obliged to waive any default in payment of premium and to reinstate the policy if the premium due was tendered within six months from the date of the default, and " the Insured shall submit with such application evidence of insurability satisfactory to the Company." The quoted language does not mean that the insurer might arbitrarily determine that such evidence is not satisfactory. Under the law, there must be some sound and valid reason for finding the appellant no longer insurable. If evidence that ought to have satisfied the insurer was supplied, the policy, without further act of the insured or insurer, was revived. (*Thompson* v. *Postal Life Ins. Co.*, 226 N. Y. 363, 367; *Kallman* v. *Equitable Life Assur. Society of U. S.*, 248 App. Div. 146; affd., 272 N. Y. 648; *Miesell* v. *Globe Mutual Life Ins. Co.*, 76 id. 115, 119.)

The protection afforded by the policy undoubtedly was valuable to appellant because of its non-cancelable clause which required defendant to renew it from year to year upon payment of the annual premium. On the other hand, it appears that respondent had not issued any non-cancelable accident and health policies since 1932, having found them unprofitable due to poor experience.

No issue was raised by respondent prior to suit or upon the trial as to the evidence of appellant's insurability other than the claim that appellant was not an insurable risk because of the adverse medical history obtained from his reinstatement application and the letters from his physicians. His application revealed nothing which reasonably could have warranted respondent in refusing to reinstate the policy. Upon the evidence, the trial court expressly found that appellant was in sound health not only when he filed his application for reinstatement but also at the time of the trial. Hence there is left for consideration only the question as to whether the evidence of insurability furnished by appellant in respect of his physical condition ought to have satisfied respondent.

The application for reinstatement dated December 11, 1939, indicated that appellant was in good health and that he had been examined by four physicians since 1929. Dr. Smith examined him for a cold in 1937; Dr. Crohn for indigestion in 1939; he made periodic visits to Dr. H. Lande for checkups; and in 1938 he was

treated for a cold by Dr. E. Glass. The application showed, too, that appellant had never been rejected for life, accident or sickness insurance; that on November 25, 1938, he had been examined by a physician of the Provident Mutual Life Insurance Company; and that a policy had thereafter been issued to him. The letters received by respondent from the four physicians who had treated appellant disclosed ailments of a minor character all of which had been cleared up by simple medical treatment. Upon this evidence, the company refused to reinstate the policy. It is to be noted that during all the time that the policy was in force no claim for disability indemnity based upon these complaints or upon any others, had ever been made by appellant.

On the trial respondent sought to justify its refusal to restore the insurance protection by the testimony of its underwriter who passed upon the application for reinstatement. His explanation for the action taken by respondent in substance was that he " suspected " appellant had a recurring sinusitis condition. He also stated that since appellant had three physical checkups within a year it indicated to him that appellant himself believed there was something wrong. No physical examination of appellant was demanded or made by respondent at any time after the application for reinstatement of the policy. Indeed, the insurer's underwriter testified that even if such an examination had been undertaken and it had shown that appellant was in sound physical condition, respondent would, nevertheless, have refused to reinstate the insurance protection.

Respondent's attitude was clearly arbitrary. Were the insurer under its contract permitted to reject applications for reinstatement upon the flimsy basis claimed here, it would be idle for a policyholder in sound health to seek restoration of a policy of health and accident insurance, particularly in a case where, as here, the insurer had discontinued the issuance of the type involved because of an unfavorable experience. If the holder of a policy were too solicitous of his health and had frequent physical checkups or suffered from minor ailments of a wholly temporary character, he could be suspected of being physically unsound; he could be rejected because of an underwriter's suspicion that the anxiety about his health must have been due to the fact that he was a sick man, although the examination conducted by experienced physicians proved the direct contrary.

We think, too, that the trial court erred in holding that appellant, to secure reinstatement of the policy, was obligated to prove that he was in good health throughout the ten-year period that the policy had been in force. This ruling ran counter to the clause in the insurance contract which provided that reinstatement could

be enforced upon submission of evidence of insurability satisfactory to the company. Fairly interpreted this clause calls for evidence of insurability as of the time when the application for reinstatement was made. The court's ruling that, in addition, appellant must prove that he was in good health " all the time since the policy was issued " would result in making it impossible to secure a reinstatement if, as here, appellant had suffered some minor ailments from which he had fully recovered long prior to the application date for reinstatement.

Upon a full analysis of all the evidence we find that appellant seasonably furnished evidence of insurability which ought to have satisfied the respondent, and that the latter's refusal to reinstate the policy was unreasonable and arbitrary. Accordingly, we direct judgment in appellant's favor. As no new trial is ordered, we do not deem it necessary to pass upon the numerous claims of error made by appellant with respect to the admission and exclusion of evidence.

The judgment should be reversed, with costs, and judgment should be directed for the appellant reinstating the policy, with costs.

MARTIN, P. J., and DORE, J., concur; CALLAHAN, J., dissents.

CALLAHAN, J. (dissenting). I dissent. The policy here was one of health insurance. Frequent visits to physicians by the insured under such a policy might well justify a decision of lack of insurability in the absence of proof of a particular physical disorder, though it might not if the policy was one of life insurance. At least we should not, in my opinion, hold that the decision of the company was arbitrary as a matter of law under such circumstances.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff reinstating the policy, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.