ALEX M. HAMBURG, Plaintiff, *v.* CONTINENTAL CASUALTY COMPANY, Defendant.

Supreme Court, Special Term, Nassau County, June 11, 1945.

*Paul O'Dwyer* for plaintiff.

*Raymond W. Dunne* for defendant.

LOCKWOOD, J. This action is brought to compel the defendant insurance company to accept premiums due April 2 and October 2, 1943, upon a policy issued by it to plaintiff, and upon such payment for an adjudication that the policy is in full force and effect for the year beginning April 2, 1943.

On April 2, 1932, defendant issued the noncancelable disability indemnity policy in the sum of $10,000 to plaintiff. The premium was $55.64 yearly, payable semiannually on the 2d days of April and October.

The defendant's agents commenced sending premium notices to plaintiff, an advance notice a month before the due date and a due notice on the day the premium was due.

In 1934 the advance notice was discontinued but the agents continued to send notices to plaintiff on the premium due date. It appears to have been plaintiff's practice to pay the premium shortly after receipt of such notices. He testified that he relied and depended upon these notices.

In April, 1939, plaintiff visited the office of defendant's agents to notify them of his change of address. He testified that at

that time he told them he depended upon the notices to remind him of the premium due date and that he was assured they would continue to send him such notices in the future and he could depend upon receiving them regularly. Plaintiff says that he relied upon their assurance.

The defendant's agents did, in fact, continue to send notices regularly through 1940, 1941 and 1942. No notices were received in April or October, 1943. In October plaintiff telephoned to defendant's agent and inquired when his premium was due as he had not received a notice for some time and he was informed that his policy had lapsed for nonpayment of the premium due in April.

Plaintiff offered to pay the premium in arrears and submit to an examination by defendant, but the defendant's representative told him that defendant had discontinued this type of policy and was glad to take advantage of any default in order to lapse policies that were in force.

Plaintiff promptly made efforts to have the policy reinstated but they were unsuccessful.

There was no provision of law or any requirement of the policy that compelled defendant to notify plaintiff when the premium was payable.

Defendant contends that the policy lapsed by its terms, and that since plaintiff's application for reinstatement was not made within six months thereafter, as provided by the policy, the plaintiff has no cause of action.

However, plaintiff's case is based upon the assertion that the defendant misled him by suddenly discontinuing the usual premium-due notice that had been sent regularly ever since the policy was issued, and upon which plaintiff relied, not only because of the long-standing practice, but also because of the express assurance of defendant's agent that plaintiff could expect to receive such notices in the future. Plaintiff contends that the usual notice was not sent in April, 1943, in accordance with a preconceived plan by defendant to procure the lapse of plaintiff's policy and other similar policies, as defendant had discontinued this type of policy, and that defendant should not be permitted to benefit by a default which it had deliberately procured.

Defendant disputes plaintiff's assertion that similar policies cannot now be procured from other companies doing business in this State and states that such policies are obtainable in this city.

In *Miller* v. *Continental Casualty Co.* (261 App. Div. 395) the court compelled the defendant company to reinstate a similar policy where application had been made within the six months' period, the court finding that defendant's refusal to reinstate the policy had been unreasonable and arbitrary. The court stated (p. 397): " * * * it appears that respondent had not issued any non-cancelable accident and health policies since 1932, having found them unprofitable due to poor experience."

Plaintiff relies upon the principles expressed in *Meyer* v. *Knickerbocker Life Ins. Co.* (73 N. Y. 516); *Leslie* v. *Knickerbocker Life Ins. Co.* (63 N. Y. 27); *Carey* v. *John Hancock Mutual Life Insurance Co.* (114 App. Div. 769), and the cases cited therein.

Defendant contends that the factual situations in all of these cases are distinguishable from the present case and calls attention to *Lloyd* v. *Massachusetts Accident Co.* (125 N. J. Eq. 320) where in a similar situation the Vice Chancellor decided against the insured. In his opinion he mentioned the unreported case of *Pierce* v. *Massachusetts Accident Co.,* where the Superior Court of Massachusetts had decided that " payment of the annual premium was a condition precedent to the renewal of the policy " and held in favor of the insurance company.

Upon appeal the *Pierce* case (*supra*) was reversed by the Supreme Judicial Court with an opinion reported at 303 Massachusetts 506. That case is very similar to the present case. There a noncancelable disability policy had been issued to plaintiff in 1925. Beginning in 1926 the defendant, though not obliged to, did regularly send premium notices to plaintiff up to 1936. With the intention of procuring the lapse of plaintiff's policy defendant omitted to send a notice in 1937. The plaintiff remained in good health and could not obtain another policy similar to the one lapsed.

In directing reinstatement of the policy the court said (p. 509–510): " The present case is quite different from the ordinary case. It is not a case where the insurer is disappointed by not receiving promptly a premium that is part of its life blood, and rightly insists upon the natural consequences of the default. Instead, the insurer would have been disappointed had the default not occurred, for it had plotted to obtain the default by omitting the customary notice upon which, as it correctly judged, the plaintiff had come to rely. Its motive was the desire to escape from its valid contract to insure the plaintiff by successive renewals against disability during his life, and

its excuse was that as he got older disability would become more likely. Its fixed premium had taken into account that likelihood, or should have done so. The defendant was willing to receive that premium and to assume the risk while the risk was small. When the risk became greater because of advancing age the defendant sought escape from the obligation of its contract.''

Although it is a matter difficult of proof, plaintiff has sufficiently established that defendant refrained from sending the customary notice in 1943 in the hope that plaintiff would let his policy lapse. Plaintiff has proven that he was in good health and insurable in 1943, and still is.

It may be noted that the Insurance Law has been amended so as to prevent the lapsing of policies under circumstances such as occurred in this case. (Insurance Law, § 151; L. 1939, ch. 882.)

Judgment for plaintiff.