OPINION OF THE COURT
Myriam J. Altman, J.
Plaintiffs in two separate actions move by single motion for summary judgment. Defendants cross-move to reschedule the depositions of two nonparty witnesses.
Plaintiffs[1] are the trustees of two trusts created by Dr. Sylvan Sacolick (Sacolick). They seek the proceeds of two life insurance policies issued by defendants on the life of Sacolick.
*936 The threshold issue raised by defendants is whether Sacolick is actually dead. Defendants speculate that he is living abroad to evade arrest on an indictment which they allege was returned against him. Plaintiffs, however, have submitted substantial evidence of Sacolick’s death. Among such evidence is a death certificate certified by a clerk in the Ministry of Interior of the State of Israel,[2] an affidavit from Sacolick’s daughter, an affidavit from his second wife stating that she was by his side at his death, letters testamentary issued by the New York County Surrogate’s Court authorizing the administration of Sacolick’s estate and an Israeli order of probate of the will of Lavi, also known as Sacolick. These documents indicate that Sacolick died on February 9,1980. In the face of this overwhelming proof of death, defendants have failed to come forward with any evidentiary facts sufficient to raise a triable issue of fact.[3]
This determination does not preclude defendants from seeking relief should their speculations, which amount to serious allegations of fraud, be substantiated at a subsequent time (CPLR 5015, subd [a], par 3).
As a defense to each of these actions, defendants claim that the policies lapsed for nonpayment of the premiums due June 15, 1979. It is undisputed that these premiums were not paid. Plaintiffs, however, rely upon section 151 of the Insurance Law which provides in relevant part:
“Notice of premium due under life or disability insurance policy; providing for notice to assignees of nonpayment of premium.
“1. No life insurance policy or non-cancellable disability insurance contract hereafter delivered or issued for delivery in this state, and no life insurance certificate hereafter delivered or issued for delivery in this state by a fraternal *937 benefit society, shall terminate or lapse by reason of default in payment of any premium, installment, or interest on any policy loan in less that one year after such default, unless a written or printed notice as provided in subsection two, shall have been duly addressed and mailed at least fifteen and not more than forty-five days prior to the day when such premium, installment or interest becomes due, but if such contract is supplemental to a contract of life insurance, a separate notice shall not be required * * *
“2. The notice required by subsection one shall
“ (a) be duly addressed and mailed to the person whose life or health is insured, or in case any other person shall have been designated to receive such notices and written notice of such designation and the name and address of such person have been given to the insurer, then to that person, and, in the case of an assignment of such policy, to the assignee, if written notice of the assignment and of the name and address of the assignee has been given to the insurer, and in any case such notice shall be addressed to the last known post-office address of such person”.
They contend that defendants did not comply with the notice requirements of section 151 and that in accordance with subdivision 1, the policies had not yet lapsed on the date of Sacolick’s death.
The insurance policy sued upon in the first action, policy number 231134, was assigned by Sacolick to Gerald Reich and the Bank of New York. Defendants were notified of the assignment and acknowledged such notification. On or about May 23, 1979 and July 10, 1979, defendants sent premium due notices to “Gerald I. Reich, c/o Cypress Consulting Corp., 100 Park Avenue, New York, New York.” Cypress Consulting Corp. had been designated by Sacolick to receive notice on his behalf. Plaintiffs contend that section 151 (subd 2, par [a]) requires that notice be sent to the insured or his designee and to all assignees. Notice to only one assignee at the improper address, they claim, is insufficient.
The statute clearly requires that notice be sent to both the insured or designee and to the assignee of the policy. Although assignee is written in the singular, notice *938 should be sent to all assignees (see Matter of Preston, 29 NY2d 364; General Construction Law, § 35). The purpose of the notice requirement is to prevent lapse by providing an opportunity to those notified to avoid forfeiture (Baxter v Brooklyn Life Ins. Co., 119 NY 450). To fulfill this purpose notice should be provided to each assignee so that his or her beneficial interest may be protected (see Davis v Northwestern Mut. Life Ins. Co., 98 Misc 456, affd 179 App Div 960; see, also, Maloney v John Hancock Mut. Life Ins. Co., 271 F2d 609).
Defendants failed to send a premium due notice to the Bank of New York, one of the assignees. Defendants contend that they were not required to do so because they were not provided with the address of the bank on the defendants’ “Absolute Assignment” form. However, the bank’s address does appear on the trust agreement, a copy of which was apparently sent to defendants. Furthermore, section 151 provides that “in any case such notice shall be addressed to the last known post-office address of such person” (subd 2, par [a]). Such address was readily ascertainable by defendants. By reason of defendants’ failure to provide proper notice, policy number 231134 had not lapsed at the time of Sacolick’s death (Insurance Law, § 151, subd 1) and plaintiffs are entitled to summary judgment in the first action. Summary judgment is not precluded by the prior denial of such relief at a time when the facts had not been fully developed (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:21, p 440).
Policy number 231133, the subject of the second action, was also assigned to Reich and the Bank of New York. While plaintiffs contend that they sent defendants a copy of the trust agreement, defendants claim they never received notice of that assignment. The premium notice requirement of section 151 (subd 2, par [a]) does not become operative unless there has been a prior written notice of assignment. Whether or not defendants were notified of the assignment is an issue of fact which cannot be resolved on this motion.
Accordingly, summary judgment is granted to plaintiffs in the first action (index No. 19489/81). Settle order with *939 respect to that action. Summary judgment is denied in the second action (index No. 19490/81). The cross motion is denied as moot insofar as it relates to the first action and is granted with respect to the second action. Bruce Browne and Cypress Consulting Corp. shall appear for depositions at the office of Lane & Mittendorf, 26 Broadway, New York, New York, at 10:00 a.m. on April 28, 1983.

. In action number one there are three trustees. The trust in the second action has only two trustees.

. While the death certificate is in the name of Schlomo Lavi, plaintiffs have submitted other documents, i.e., affidavits, a photocopy of a passport, indicating that Sacolick was also known as Schlomo Lavi. This is corroborated by the birth date on the death certificate which is identical to that on Sacolick’s insurance application.

. This finding is not based upon Justice Tyler’s prior decision denying summary judgment in which he stated that Sacolick died on Feb. 9,1980. The issue of Sacolick’s death was not fully litigated at that time.