■ GERALD I. REICH et al., as Trustees of the SYLVAN SACOLICK IRREVOCABLE TRUST, Respondents, v BANKERS LIFE AND CASUALTY COMPANY OF NEW YORK et al., Appellants. — Orders and judgment, Supreme Court, New York County (M. Altman, J.): order entered April 29, 1983 and judgment entered thereon on May 10, 1983, granting plaintiffs' motion for summary judgment with respect to index No. 19489/81, and order entered May 31, 1983 denying defendant's motion to renew and vacate said order and judgment, are reversed, on the law, and plaintiffs' motion for summary judgment is denied, without costs on appeal, but each party shall bear one half the cost of reproduction of the

appendix (excluding stricken portions). We hold that there are questions of fact bearing on the applicability of subdivision 1 of section 151 of the Insurance Law. These include whether the notices of premium sent by defendant insurance company complied with subdivision 2 of section 151 of the Insurance Law, and whether the premium paying agency, Cypress Consulting Corp., was the designated address and agent for all the interested parties to whom notices of premium could validly be sent. These questions of fact must be determined in the light of the relevant particular circumstances, the writings, the course of conduct of the parties, and the relationship of the parties. Among the factors to be considered, but not necessarily decisive, is that the assignees of the policy were plaintiffs Reich and Bankers Trust Company as trustees. Plaintiff Reich is an attorney. While a trust is not technically a legal entity, it is realistically and economically a unit. Each trustee does not have a separate title or interest in an aliquot part of the trust, either legally or equitably. They are in every sense united in interest. (Cf., e.g., as assignment to A and B as partners.) The existence of the foregoing question of fact required denial of plaintiffs' motion for summary judgment. Defendant had also made a motion for summary judgment on the ground of the two-year Statute of Limitations prescribed by subdivision 4 of section 151 of the Insurance Law. That motion had been denied by a decision of Justice Tyler dated December 18, 1981 and entered December 23, 1981. As the present appeals by defendant include an appeal from a final judgment, defendant asks us to review Justice Tyler's decision under CPLR 5501 (subd [a], par 1). We decline to grant summary judgment in favor of defendant on the Statute of Limitations ground for these reasons: As we are not deciding that as a matter of law a premium notice complying with subdivision 2 of section 151 of the Insurance Law was given, we must for the purposes of this point assume that no such notice was given. A straightforward reading of the statute would seem to indicate that in such a situation, the two-year Statute of Limitations does not apply. The two-year Statute of Limitations of subdivision 4 of section 151 of the Insurance Law applies to actions to recover on any life insurance policy "which has become lapsed because of the default in payment of any such premium". But subdivision 1 of section 151 provides that "No life insurance policy * * * shall terminate or lapse by reason of default in payment of any premium * * * in less than one year after such default" unless premium notice as required by subdivision 2 of section 152 of the Insurance Law has been given. As the default in the payment of premium took place on June 15, 1979, if no premium notice was properly sent, the policy would not have lapsed under subdivision 1 before June 15, 1980. But as it is claimed that decedent died on February 9, 1980, the policy had not lapsed at that time. Thus the action is not on a policy "which has become lapsed" under subdivision 4. Defendant argues, however, that if this action is not barred by the two-year Statute of Limitations of subdivision 4, then there is no type of action to which subdivision 4 would apply, and thus subdivision 4 has no meaning. And indeed, the parties have failed to call our attention to any type of action to which subdivision 4 would apply. The difficulty of reconciling subdivisions 1 and 4 (and their predecessor statutes) is one that has puzzled courts before. (See, e.g., *Liesny v Metropolitan Life Ins. Co.,* 166 App Div 625, 628.) In *Thompson v Postal Life Ins. Co.* (226 NY 363, 369), the court held that the particular action (on a different state of facts than we have) was not barred by the predecessor section (Insurance Law, § 92). Judge Cardozo said (p 369): "In thus holding, we do not leave the statute without some field of operation. It applies to actions to recover the surrender value or like benefits remaining after lawful forfeiture. We are not required to decide that it may not apply to other situations. We think it does not apply to the situation now before us." But thereafter, at least by the time of the enactment of the present Insurance

Law (L 1939, ch 882), there were excepted from subdivision 4 the two specific situations to which Judge Cardozo indicated that the statute would apply. Thus subdivision 4 contains this exception: "except in action to recover the cash surrender value, if any, or to recover the paid-up or extended insurance, if any". Like Judge Cardozo, we are not required to decide that the two-year limitation statute "may not apply to other situations", although we do not know what they are. It may be that the exceptions to subdivision 4 have indeed swallowed the rule. But faced with this choice, we think it preferable to accept the straightforward reading of the statute which indicates that the action is not barred by the two-year Statute of Limitations of subdivision 4 even if we do not know whether subdivision 4 is left with any field of operation. This reading accords with cases which have indicated that an action to recover the amount of the policy where the insured has died is not covered by subdivision 4. (See, e.g., *Adam v Manhattan Life Ins. Co.,* 204 NY 357, 361; *Thompson v Postal Life Ins. Co.,* 226 NY 363, *supra.*) Concur — Sullivan, J. P., Asch, Silverman, Bloom and Kassal, JJ. [118 Misc 2d 935.]