OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the People, pursuant to CPL 250.10 (3), to have the defendant, who has interposed the defense of mental disease or defect to a charge of robbery, examined by a psychiatrist for a second time, after the first *859 trial ended in a mistrial. The defendant has raised several objections to this request, the most salient of which is that the said section authorizes only one such examination.
The applicable portion of CPL 250.10 (3) provides as follows: "When a defendant * * * serves notice of intent to present psychiatric evidence, the district attorney may apply to the court * * * for an order directing that the defendant submit to an examination by a psychiatrist or licensed psychologist”. The defendant construes "an order” and "a psychiatrist or licensed psychologist” (emphasis added) to mean that the prosecution is limited to one psychiatric examination.[1]
There are three reasons why the People are entitled to more than one psychiatric examination of the defendant.
The first reason is that there is already precedent in this State for multiple examinations in the case of Matter of Lee v County Ct. (27 NY2d 432, cert denied 404 US 823), albeit not in an identical situation, and under Code Criminal Procedure § 658. Section 658 provided as follows: "if the defendant makes a plea of insanity to the indictment * * * the court, upon its own motion, or that of the district attorney or the defendant, may in its discretion order such defendant to be examined to determine the question of his sanity.”
Matter of Lee v County Ct. (supra) was a case where the trial court ordered a psychiatric examination of a defendant who had pleaded not guilty by reason of insanity. The defendant was found guilty, but on appeal to the Appellate Division, Fourth Department, the conviction was reversed and a new trial ordered. Upon the prosecutor’s application, the court ordered a second examination, but the defendant refused to submit to the same and was found in contempt of court. The Appellate Division reversed this order, and the trial court again granted the District Attorney’s application for an examination. The defendant refused to cooperate with this examination, so the court struck his insanity defense. The appellate court vacated the order striking the defense but directed that the defendant submit to another examination. The Court of Appeals ultimately resolved all the issues raised on cross *860 appeals, including the affirmance of the Appellate Division’s order for a new examination.[2]
In Lee (supra), therefore, the trial court ordered a psychiatric examination before the first trial; a second examination áfter the defendant’s conviction was reversed and before the second trial; and a third examination after the defendant had refused to submit to the second examination and the order of contempt had been reversed. The Appellate Division directed a fourth examination, and this order was affirmed by the Court of Appeals.
Thus, both the Court of Appeals and the Appellate Division, Fourth Department, have sanctioned more than one mental examination of a defendant who pleads not guilty by reason of mental disease or defect.
Secondly, and again resort must be had to Matter of Lee v County Ct. (supra, p 443), the Court of Appeals noted that "It has always been axiomatic that generally, where a new trial has been ordered, the parties are restored to the status obtaining before the initial trial. Thus, it was proper for the Appellate Division to order a new examination. Nor is the fact that the new examination will be conducted some six years after the commission of the crime a reason which should militate against the propriety of ordering the examination.”
There would seem to be no appreciable difference between a psychiatric examination being properly ordered after a second trial becomes necessary because of a reversal of the defendant’s conviction, and such examination being ordered after a second trial becomes necessary because the first trial ended in a mistrial. Under both circumstances the parties should be restored to their original position, and a second examination should be permissible.
The third reason why a second psychiatric examination of the defendant is warranted is General Construction Law § 35 which provides as follows: "Words in the singular number *861 include the plural, and in the plural number include the singular.” This does not mean that always and under all circumstances a word in the singular has a plural meaning, but that, if what otherwise appears to be a fair and reasonable construction requires such enlarged meaning of the word, it will be adopted (People ex rel. New York Cent. & Hudson Riv. R. R. Co. v Woodbury, 208 NY 421; Moynahan v City of New York, 205 NY 181). Thus, in Matter of Johnson v Joy (48 NY2d 689) and Reich v Bankers Life & Cas. Co. (118 Misc 2d 935, revd on other grounds 99 AD2d 457) because of the nature of the matters involved, singular terms were given plural constructions.[3]
Matter of Lee v County Ct. (supra) is helpful in this situation also, even though there was no reference made to section 35. Code Criminal Procedure § 658 seemed to be phrased in the singular, i.e., "motion” instead of "motions”, and "that” instead of "those”, but the Court of Appeals had no problem approving multiple mental examinations. Therefore, that court indirectly gave its approbation to the construction of section 658 provided for in General Construction Law § 35. Applying section 35 to CPL 250.10 (3), and projecting the ramifications of the interpretation urged by the defendant, it becomes apparent that the statute in question cannot "reasonably be read” as permitting only one examination (see, Matter of Johnson v Joy, supra). To construe this section otherwise would be to eliminate a second examination if the defendant’s first conviction were reversed; if the defendant refused to submit to an examination; if the defendant refused to cooperate in an examination; and if a new trial were ordered after a lengthy appellate process was completed, all of which predicates were present in Lee (supra.)[4]
For the above reasons, CPL 250.10 (3) does not restrict the People to one psychiatric examination of a defendant who presents a defense of mental disease or defect.
Accordingly, the application of the People is granted, and the defendant is ordered to submit to a second psychiatric examination.

. The only authority cited by the defense is a prior oral decision by a Supreme Court Justice in this county which denied the District Attorney’s request for a second mental examination because of the absence of any case law permitting the same, a view, incidentally, shared by a Court of Appeals Judge (see, n 2).

. Significantly, the dissent in this case (Matter of Lee v County Ct., 27 NY2d 432) concerned precisely the issue raised here. Chief Judge Fuld in his partial dissenting opinion in arguing against a new examination stated (p 446): "I do not believe that the People are entitled to such an examination. In the first place, there is no authority, in statute or decision, for the District Attorney’s position that, even though the People had already procured one examination under section 658 of the Code, in which the defendant fully co-operated, they might secure another for the purpose of acquiring additional psychiatric testimony to assist them in obtaining a conviction.”

. See, People v Crean (115 Misc 2d 996) for a case where a term used in the plural was interpreted to mean singular.

. Another instance would occur in a case where the examining psychiatrist became unavailable to testify due to death or disability.