■ BURNADETTE J. LaGRECA, Individually and as Administratrix of the Estate of FRANK LaGRECA, Deceased, Appellant, v CITY OF NIAGARA FALLS, Respondent. [665 NYS2d 229] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that it is time-barred by the six-year Statute of Limitations governing breach of contract actions (see, CPLR 213 [2]). The cause of action for breach of contract accrued at the time of the breach (see, Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402), i.e., when defendant terminated life insurance coverage for plaintiff's decedent in June 1988, allegedly in violation of a collective bargaining agreement. This action was not commenced until more than seven years later. Plaintiff's reliance on Kelly v Security Mut. Life Ins. Co. (186 NY 16) and Thompson v Postal Life Ins. Co. (226 NY 363) is misplaced. In those cases, the actions were against the insurers for payment of insurance proceeds, while this is an action against an employer for the alleged breach of a collective bargaining agreement requiring it to maintain life insurance coverage. In view of our determination, we do not address the remaining contentions of the parties. (Appeal from Order and Judgment of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Callahan and Doerr, JJ.

■ DOMENICO DeCARLO et al., Appellants, v BRENDEN MOORE et al., Respondents. (Appeal No. 2.) [668 NYS2d 116] —Appeal unanimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Set Aside Verdict.) Present—Pine, J. P., Hayes, Wisner, Callahan and Doerr, JJ.